UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

___

CHEESE SYSTEMS, INC.,

        Plaintiff,

v.                                                  Civil Action No. 11-cv-21

TETRA PAK CHEESE AND
POWDER SYSTEMS, INC.

and

TETRA LAVAL HOLDINGS &
FINANCE S.A.,

        Defendants.

___

# COMPLAINT

___

      Plaintiff Cheese Systems, Inc., ("Cheese Systems") by its attorneys, for its complaint against defendants Tetra Pak Cheese and Powder Systems, Inc. ("Tetra Pak") and Tetra Laval Holdings & Finance S.A. ("Tetra Laval") alleges:

## NATURE OF ACTION

      1.      This is an action for declaratory judgment relating to a claim of patent infringement arising under the Patent Laws of the United States, Title 35 United States Code.

## PARTIES

      2.      Cheese Systems is a Wisconsin company headquartered in this District at 1932 East 26th Street, Marshfield, Wisconsin.

3. Upon information and belief, Tetra Pak is a Wisconsin company with a principal office at 801 Kingsley Street, Winsted, Minnesota. Upon information and belief, Tetra Pak regularly conducts business in this District.

4. Upon information and belief, Tetra Laval is a Swiss company with a principal office at 70 Avenue General – Guisan, Pully, Switzerland. Upon information and belief, Tetra Laval is a parent company of Tetra Pak and regularly conducts business in this District.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## BASIS FOR DECLARATORY RELIEF

7. Cheese Systems is an innovator and manufacturer of equipment used for cheese processing, such as cheese vats.

8. On May 17, 2010, Cheese Systems received a letter from Ms. Angelica Colwell, counsel for Tetra Pak, asserting that Tetra Pak was the owner of U.S. Patent 5,985,347 ("the '347 patent"), a copy of which is attached as Exhibit A. The letter further stated that "[i]t has come to the attention of Tetra Pak that [Cheese Systems] may be making, using, or selling a product covered by one of [sic] more claims of its patent." The May 17 letter further asserted that "[t]his is a serious matter that merits your prompt attention." A copy of the letter is attached as Exhibit B.

9. Seemingly contrary to Tetra Pak's assertion that it owns the '347 patent, the United States Patent and Trademark Office website, www.uspto.gov, indicates that Tetra Laval owns the '347 patent.

10. In any event, the May 17, 2010 letter is an accusation by Tetra Pak and/or Tetra Laval that Cheese Systems' cheese vat is infringing the '347 patent.

11. On May 28, 2010, Cheese Systems, via its counsel Boyle Fredrickson, sent a letter to Ms. Colwell stating that Cheese Systems would investigate Tetra Pak's allegations and contact Tetra Pak upon completion of the investigation. A copy of the letter is attached as Exhibit C.

12. On June 11, 2010, Cheese Systems, via its counsel Boyle Fredrickson, sent a letter to Ms. Colwell explaining that the Cheese Systems vat does not infringe the '347 patent. The June 11 letter further stated that "[i]f you disagree and believe that the Tetra Pak patent applies to the Cheese Systems vat, please provide your claims charts or some other detailed explanation of your belief so that we can properly evaluate your charges," and that Cheese Systems "will consider this matter closed unless we receive the requested substantiation in writing within (30) days of the date of this letter." A copy of the letter is attached as Exhibit D.

13. On July 20, 2010, Ms. Colwell responded to Cheese Systems' June 11, 2010 letter requesting further information regarding the operation of Cheese Systems' cheese vat. A copy of the letter is attached as Exhibit E.

14. During discussions relating to the confidentiality of the information requested by Tetra Pak, Tetra Pak, via Ms. Colwell, again reiterated its belief that the Cheese Systems vat is infringing the '347 patent. For example, in an email dated October 5, 2010, Ms. Colwell wrote that "a failure to respond to this type of reasonable inquiry can be construed as wilful [sic] patent infringement." Ms. Colwell further demanded that Cheese Systems produce the requested information within four (4) days, or by October 9, 2010. A copy of the email is attached as Exhibit F.

15. In compliance with Ms. Colwell's demand, via a letter dated October 7, 2010, Cheese Systems provided Tetra Pak with static images of the Cheese Systems vat. Cheese Systems again stated that it would consider the matter to be closed unless Tetra Pak responded within thirty (30) days with written substantiation relating to its infringement claim. A copy of the letter is attached as Exhibit G.

16. On November 4, 2010, Tetra Pak, via its counsel Ms. Colwell, sent a letter stating that Tetra Pak "does not consider this matter closed and it will respond or take action when and as it deems appropriate without reference to the arbitrary time period you have attempted to impose." A copy of the letter is attached as Exhibit H.

17. On December 6, 2010, Tetra Pak, via its counsel Ms. Colwell, sent another letter stating that "[t]he illustrations accompanying your letter [dated October 7, 2010] have been helpful as they confirm our view that the Cheese Systems vat literally infringes claims of the '347 patent." The letter further stated that Tetra Pak "would thus like to discuss with you and/or your client ways to resolve this matter," and imposed a deadline of January 12, 2011 to respond. A copy of the letter is attached as Exhibit I.

18. As a result of the manufacturing and sales activities of Cheese Systems with respect to its cheese vat and Tetra Pak/Tetra Laval's repeated accusations of infringement, there is an actual case or controversy between Cheese Systems and defendants Tetra Pak and Tetra Laval within the meaning of 28 U.S.C. § 2201 concerning the '347 patent.

**COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

19. The Cheese Systems vat does not meet the properly interpreted limitations of any claim of the '347 patent, and therefore does not infringe the '347 patent.

20. Accordingly, Cheese Systems seeks declaratory judgment that the Cheese Systems vat does not infringe the '347 patent.

### COUNT II – DECLARATORY JUDGMENT OF INVALIDITY

21. In the alternative, if interpreted in a manner that encompasses the Cheese Systems vat, the claims of the '347 patent are invalid and should not have been issued by the United States Patent and Trademark Office.

22. Accordingly, Cheese Systems seeks declaratory judgment that the '347 patent is invalid.

### REQUEST FOR RELIEF

WHEREFORE, plaintiff Cheese Systems demands that judgment be entered in its favor and against defendants Tetra Pak and Tetra Laval as follows:

A. Adjudging that Cheese Systems has not infringed, and that the Cheese Systems vat does not infringe, U.S. Patent 5,985,347;

B. Adjudging that U.S. Patent 5,985,347 is invalid;

C. Awarding Cheese Systems the reasonable attorneys' fees and costs of this action; and

D. Granting such other and further relief as the court deems appropriate.

### JURY DEMAND

Plaintiff Cheese Systems demands a jury for all factual issues not admitted by the defendants.

Dated: January 11, 2011
s/Michael T. Griggs
James F. Boyle
Michael T. Griggs
BOYLE FREDRICKSON S.C.
840 N. Plankinton Ave.
Milwaukee, WI  53203
Telephone:  414-225-9755
Facsimile:   414-225-9753
*Attorneys for Cheese Systems, Inc.*