IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHEESE SYSTEMS, INC.,

                                                                            ORDER

                Plaintiff,

                                                                           11-cv-21-bbc

   v.

TETRA PAK CHEESE and POWDER SYSTEMS, INC
and TETRA LAVAL HOLDINGS & FINANCE, S.A.,

                Defendants,

   v.

CUSTOM FABRICATING & REPAIR, INC.

                Third Party Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Cheese Systems, Inc. seeks a declaration that it does not infringe United States Patent No. 5,985,347, which is owned by defendants Tetra Pak Cheese and Powder Systems, Inc. and Tetra Laval Holdings & Finances, S.A. The parties have filed cross motions for the construction of several terms: "a plurality of sharp cutting edges disposed in a generally common first plane," "a plurality of blunt stirring edges disposed in a generally common second plane," "means for mounting," "generally radiating extending blades,"

1

"generally axially extending blades," "blades being respectively non-perpendicular," "agitator panel," "cutting face" and "stirring face." (Defendants say that plaintiff is seeking construction of the term "trails," but I am not including it because plaintiff does not discuss that term in its brief.)

In the magistrate judge's preliminary pretrial conference order, dkt. #17, he explained that it would be each "party's burden to persuade the court that construction of each specified term is necessary to resolve a disputed issue concerning infringement or invalidity." Id. at 2. The purpose of that requirement is to avoid deciding abstract questions that have no bearing on the lawsuit. "If [an] order represents a mere advisory opinion not addressed to resolving a 'case or controversy,' then it marks an attempted exercise of judicial authority beyond constitutional bounds. U.S. Const. art. III, § 2." Socha v. Pollard, 621 F.3d 667, 670 (7th Cir. 2010).

The parties complied with this directive with respect to the terms "a plurality of sharp cutting edges disposed in a generally common first plane," "a plurality of blunt stirring edges disposed in a generally common second plane" and "agitator panel." In particular, the parties explained how construction of these terms could help resolve a question of infringement. With respect to the first two terms, the question is the extent to which they cover cheese vats like plaintiff's with concave or convex walls. With respect to the last term, the question is whether the agitator panel has "a cutting face and a stirring face that is

2

opposite . . . the cutting face," something plaintiff says the accused products do not have. Plt.'s Br., dkt. #31, at 9-10.

The parties have failed to show that the remaining terms need to be construed. With respect to the terms "cutting face" and "stirring face," plaintiff simply refers back to the terms "a plurality of sharp cutting edges disposed in a generally common first plane" and "a plurality of blunt stirring edges disposed in a generally common second plane." (Defendants do not seek construction of "cutting face" or "stirring face.") With respect to the remaining terms, the parties state generally that construction will resolve a disputed issue of infringement, but they fail to specify *how* their proposed constructions will do this. Without a specific explanation, it is impossible for the court to determine whether claim construction will be a useful exercise. Far too often, construing claim terms in a vacuum leads to additional disputes about the meaning of the court's construction at summary judgment or to revision when the context of the dispute is revealed.

District courts have an obligation to construe terms when it is necessary to resolve a genuine and material legal dispute between the parties. O2 Micro International Ltd. v. Beyond Innovation Technology Co., Ltd., 521 F.3d 1351, 1361-62 (Fed. Cir. 2008). If a party shows at summary judgment or at trial that construction is needed to resolve a material dispute, the court will provide it. However, courts have no obligation to provide constructions simply because the parties request them; the parties must demonstrate that the

3

construction is both necessary and correct.  Id.; see also E-Pass Technologies, Inc. v. 3Com Corp., 473 F.3d 1213, 1219 (Fed. Cir. 2007) ("[A]ny articulated definition of a claim term ultimately must relate to the infringement questions that it is intended to answer.").  The parties are free to request construction of these terms again in the context of a motion for summary judgment or at trial.

ORDER

IT IS ORDERED that the motions requesting claim construction filed by plaintiff Cheese Systems, Inc., dkt. #30, and defendants Tetra Pak Cheese and Poweder Systems, Inc. and Tetra Laval Holdings & Finances, S.A, dkt. #34, are GRANTED IN PART.  The court will construe the terms "a plurality of sharp cutting edges disposed in a generally common first plane," "a plurality of blunt stirring edges disposed in a generally common second plane" and "agitator panel."  A hearing will be held on these terms on September 9, 2011 at 9:00 a.m.

Entered this 24th day of August, 2011.

BY THE COURT:<br>
/s/<br>
BARBARA B. CRABB<br>
District Judge