IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHEESE SYSTEMS, INC.,

                              Plaintiff,

    v.

TETRA PAK CHEESE AND POWDER
SYSTEMS, INC. and TETRA LAVAL
HOLDINGS & FINANCE S.A.,

                              Defendants,

    v.

CUSTOM FABRICATING & REPAIR, INC.

                              Third Party Defendant.

OPINION AND ORDER

11-cv-21-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an opinion and order dated May 15, 2012, I granted summary judgment on liability in favor of defendants Cheese and Powder Systems, Inc. and Tetra Laval Holdings & Finance S.A. In that order, I concluded that plaintiff Cheese Systems, Inc. and third-party defendant Custom Fabricating & Repair, Inc. had infringed Tetra Pak's U.S. Patent No. 5,985,347 ("the '347 patent") and had not shown that the '347 patent was invalid. The parties have filed a joint motion for entry of a permanent injunction, which I will grant.

1

The only remaining issues in this case are an accounting for damages and any enhancement of damages for willfulness and exceptional case awards. Plaintiffs have filed an interlocutory appeal under 28 U.S.C. § 1292(c)(2) and the parties have filed a joint motion for stay pending the outcome of the appeal.

28 U.S.C. § 1292(c)(2) is a patent-specific provision giving the Court of Appeals for the Federal Circuit "exclusive jurisdiction" over

> an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is final except for an accounting.

The Court of Appeals has made it clear that an "accounting" includes a determination of damages and willfulness. Randall May International, Inc. v. DEG Music Products, Inc., 378 Fed. Appx. 989, 992-93 (Fed. Cir. 2010).

Although § 1292(c)(2) "permits" an interlocutory appeal, the district court retains discretion under Fed. R. Civ. P. 62(a)(2) to stay or proceed with a damages trial. Id. (citing In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir.1988)). The policies that undergird § 1292(c)(2) guide the decision whether to stay an accounting under Rule 62(a):

> The purpose of authorizing an appeal after a decree of validity and infringement and before an accounting is to prevent the useless waste of time and money for an accounting before the Court of Appeals has had an opportunity to pass on the propriety of the lower court's finding of validity and infringement, which, of course, will definitively determine whether there will in fact be an accounting.

2

Beaver Cloth Cutting Machines, Inc. v. H. Maimin Co., 37 F.R.D. 47, 49-50 (S.D.N.Y. 1964); see also 20 Moore's Federal Practice § 308.21 n. 2. (3d ed. 2005). Of course, acknowledging the reasons for granting a stay does not mean that a stay should be automatic:

> As is obvious from the fact that [orders directing an accounting in a patent case] are excepted from the automatic stay of Rule 62(a), the court should not grant a stay in these cases as a matter of course but should consider carefully the harm that a stay might cause to the party who has obtained judgment and balance this against the harm that denial of a stay would cause the losing party.

11 Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 2902 (1995).

No liability issues remain with respect to infringement and the parties have stipulated to entry of a permanent injunction; all that remains is an accounting. Although the parties have made no effort to show that a stay is appropriate, I find that it is in the context of this case. A stay would avoid the potential waste of judicial resources inherent in performing an accounting that may be invalidated on appeal. The permanent injunction prevents further harm to defendants' interests in the patent during the pendency of the appeal. Because the parties have stipulated to the stay, I can assume that defendants are not concerned abut a delay in the damages trial. Accordingly, I will grant the motion to stay proceedings pending the outcome of the interlocutory appeal.

# ORDER

IT IS ORDERED that

1. The parties' stipulated motion for a permanent injunction and to stay the damages trial pending interlocutory appeal, dkt. #98, is GRANTED.

2. Plaintiff Cheese Systems, Inc. and third party defendant Custom Fabricating & Repair, Inc. are PERMANENTLY ENJOINED from making, using, selling, offering for sale, licensing within the United States or importing into the United States any and all products that infringe U.S. Patent No. 5,985,347, including, but not limited to, Cheese System's "High Solids Cheese Vat" with counter-rotating blades.

3. The terms of this injunction take effect immediately upon entry of this order and shall continue in effect until U.S. Patent No. 5,985,347 expires.

4. This court retains jurisdiction to the maximum extent permitted by law to monitor and enforce compliance with this permanent injunction.

5. All proceedings before this court are STAYED. The parties are to report promptly any change in circumstances that might affect this stay.

Entered this 18th day of June, 2012.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge