IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHEESE SYSTEMS, INC.,

Plaintiff,

v.

TETRA PAK CHEESE AND POWDER SYSTEMS, INC. and TETRA LAVAL HOLDINGS & FINANCE S.A.,

Defendants,

ORDER

11-cv-21-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This action brought under the Patent Act is scheduled for a damages trial on March 17, 2014 on the counterclaim brought by defendants Tetra Pak Cheese and Powder Systems, Inc. and Tetra Laval Holdings and Finances, S.A. that plaintiff Cheese Systems, Inc.'s "high solids cheese vat" infringes claims 1 and 10 of United States Patent No. 5,985,347 (the '347 patent). Now before the court is plaintiff's motion to stay the case "pending issuance of the Final Office Action in the *ex parte* reexamination proceeding of" the '347 patent. Dkt. #133. Plaintiff says that, on February 19, 2014, the patent office issued an initial office action in which it rejected all of the claims in the '347 patent as anticipated or obvious in light of prior art. Plaintiff asks for a stay until the patent office issues a final action.

Plaintiff does not argue that a stay is mandated by statute, but instead relies on the court's inherent authority to stay a case while a related case is pending. Cherokee Nation

of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir.1997). Under that standard, the court must "balance interests favoring a stay against interests frustrated by the action." Id. at 1416.

    I am denying plaintiff's motion. This case has been pending for more than three years, but plaintiff did not initiate the reexamination proceeding until August 30, 2013 and it does not explain why it waited as long as it did. If I granted plaintiff's motion under these circumstances, it would create an incentive for patent litigants to use the reexamination process as a stalling tactic after they have run out of other options.

    Furthermore, trial is only two weeks away. Both sides have filed their motions in limine and proposed trial materials. Because the trial date is so close and the parties are ready to proceed now, I see little prejudice to either side in proceeding with the scheduled trial.

    Although plaintiff says that the patent office will issue a final decision by July, the truth is that there is no way to predict when the patent office will act. In any event, even if I assume that plaintiff's prediction is correct, this ignores the appeal process, which could take years. Under these circumstances, I cannot conclude that the balance of interests favor a stay.

ORDER

IT IS ORDERED that plaintiff Cheese Systems, Inc.'s motion to stay the case, dkt. #133, is DENIED.

Entered this 3d day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge