IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHEESE SYSTEMS, INC.,

                                  ORDER

        Plaintiff,

                                11-cv-21-bbc

    v.

TETRA PAK CHEESE AND POWDER
SYSTEMS, INC. and TETRA LAVAL
HOLDINGS & FINANCE S.A.,

        Defendants,

    v.

CUSTOM FABRICATING and REPAIR, INC,

        Third Party Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        This action brought under the Patent Act is scheduled for a damages trial on March 17, 2014 on the counterclaim brought by defendants Tetra Pak Cheese and Powder Systems, Inc. and Tetra Laval Holdings and Finances, S.A. that plaintiff Cheese Systems, Inc.'s "high solids cheese vat" infringes claims 1 and 10 of United States Patent No. 5,985,347 (the '347 patent). This order addresses the parties' motions in limine.

1

OPINION

A. Plaintiff's Motion to Quash Subpoenas

Plaintiff filed a two-page motion to quash the trial subpoenas for witnesses Timothy Isenberg and John Zirbel on the ground that defendants requested subpoena forms from the clerk of court rather than from the court itself and did not accompany the request with an affidavit, as required by the court's procedures. Although the procedures could be clearer, defendants are correct that the requirements cited by plaintiff are intended to apply to *pro se* parties who are unfamiliar with the subpoena process. They are not intended to apply to counsel. Because defendants' response shows that they obtained the necessary subpoena form from the clerk of court and submitted the required fee in accordance with Fed. R. Civ. P. 45, I am denying this motion.

B. Plaintiff's Motion to Permit Evidence Relating to Ex Parte Reexamination/Defendants' Motion to Exclude Evidence Relating to Ex Parte Reexamination

Plaintiff seeks to introduce an initial office action in which the patent office concluded in the context of a reexamination proceeding that the '347 patent was invalid. (The patent office has not yet issued a final office action.) Defendants object and have filed their own motion to exclude the same evidence.

Plaintiff says that the office action is relevant to the issue of willfulness. To prove willfulness, defendants must prove both that plaintiff "acted despite an objectively high

likelihood that its actions constituted infringement of a valid patent" (the objective part of the test) and that plaintiff knew of the risk or should have known because it was so obvious (the subjective part of the test). In re Seagate, LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007).

The parties agree that the office action is *not* relevant to the subjective component of the willfulness standard, which is the only issue the jury will decide. The determination whether plaintiff's conduct was objectively reasonable is reserved for the court. Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc., 682 F.3d 1003, 1006-07 (Fed. Cir. 2012). Accordingly, I will exclude evidence relating to the examination proceeding from the jury portion of the trial.

With respect to the court's role in determining willfulness, plaintiff cites several district court cases that considered initial office actions in the context of deciding whether an infringer's conduct was objectively reasonable. Tesco Corp. v. Weatherford International Inc., 750 F. Supp. 2d 780, 817 (S.D. Tex. 2010); Pivonka v. Central Garden & Pet Co., 2008 WL 486049, at *2 (D. Colo. 2008); Lucent Technologies, Inc. v. Gateway, Inc., 2007 WL 6955272, *7 (S.D. Cal. 2007) For their part, defendants cite Acoustical Design, Inc. v. Control Electronics Co., Inc., 932 F.2d 939 (Fed. Cir. 1991), a case in which the patent office initially rejected the claims at issue in a reexamination proceedings, but later confirmed the claims in a final office action. In affirming the finding of willfulness in the district court, the court of appeals stated that "it is clear that the initial rejection by the Patent and Trademark Office of original claims that later were confirmed on reexamination hardly justifies a good faith belief in the invalidity of the claims." Id. at 942.

Acoustical Design supports a view that an initial office action has minimal value in resolving the objective component of willfulness, but the court of appeals did not suggest that an initial office action was inadmissible. Accordingly, I will allow plaintiff to present the initial office action to the court as evidence of objective reasonableness and the parties may then argue the extent to which it has probative value.

### C. Motion to Exclude Evidence Relating to *Relco* Case

Defendants wish to submit evidence relating to a state court case in Minnesota in which a jury found that plaintiff had misappropriated trade secrets, among other things. Relco. LLC v. Cheese Systems, Inc., 34-cv-11-396 (Minn. Dist. Ct. 2013). Defendants say that the other case is relevant to show that plaintiff's infringement was part of an "intentional scheme," but it is difficult to see how. The other case did not involve patent infringement or the same parties. Defendants do not even suggest that the same products were at issue. Under these circumstances, any probative value the other case might have is substantially outweighed by unfair prejudice to plaintiff and the likelihood of confusing the jury. Accordingly, I am granting this motion.

### D. Plaintiff's Motion to Exclude Expert Testimony Related to Lost Profits

Plaintiff seeks to exclude the opinion of defendants' expert on lost profits, Philip Green, on the ground that he did not address the question whether any acceptable non-infringing alternatives existed for the patented products, which is one of the requirements

4

for obtaining lost profits under Panduit Corp. v. Stahlin Brothers Fibre Works, Inc., 575 F.2d 1152 (6th Cir. 1978). Defendants do not deny that Green omitted that issue from his report, but they cite State Industries, Inc. v. Mor-Flo Industries, Inc., 883 F.2d 1573 (Fed. Cir. 1989), in which the court held that a patent owner need not point to an acceptable noninfringing alternative when the patent owner and the infringer are the only suppliers of the product. Id. at 1578 ("In the two-supplier market, it is reasonable to assume, provided the patent owner has the manufacturing and marketing capabilities, that it would have made the infringer's sales."). See also Integrated Technology Corp. v. Rudolph Technologies, Inc., 734 F.3d 1352, 1360 (Fed. Cir. 2013) ("ITC proffered a two-supplier theory of lost profits that was independent of the existence of noninfringing alternatives. The jury could have relied on the two-supplier theory, and accordingly we uphold the award of lost profits for literal infringement.") (citations omitted).

Although Green cited State in his opinion, plaintiff does not explain in its motion why State does not apply to this case. Accordingly, I am denying this motion.

### E. Other Matters

Two other matters require attention. First, in an order dated March 5, 2014, dkt. #164, I granted the parties' joint motion to allow defendants to present their evidence first because their counterclaims are all that remain of the case. In accordance with that order and to minimize the chances of jury confusion, I will refer to Tetra Pak Cheese and Powder Systems, Inc. and Tetra Laval Holdings and Finances, S.A. as the plaintiffs during the trial

and I will refer to Cheese Systems, Inc. and Custom Fabricating and Repair, Inc. as the defendants.

Second, a review of some of the pretrial filings of Cheese Systems shows that they are not complying with the court's administrative order regarding sealed documents. Under that order, "[a]ny document filed under seal must be accompanied by a separately-filed, unsealed version that redacts only truly confidential information allowed by the court's prior order or supported in the party's motion." In this case, Cheese Systems filed two expert reports under seal. Dkt. ##160 and 161. However, instead of filing redacted versions of the reports, Cheese Systems filed documents that were blank with the exception of the words "Redacted Report" and the exhibit number. Dkt. #159. That is an obvious violation of the administrative order.

Cheese Systems must re-file a redacted version of its expert reports, but this time it should limit its redactions to information that is truly confidential. If Cheese Systems has any objection to revealing particular information, it should submit a memorandum explaining its objection as to each piece of information.

ORDER

IT IS ORDERED THAT the parties' motions in limine are resolved as follows:

1. Plaintiff Cheese System, Inc.'s motion to quash subpoenas, dkt. #137, is DENIED.

2. Plaintiff's motion to permit evidence from the reexamination proceeding, dkt.

#138, and defendants Tetra Pak Cheese and Powder Systems, Inc.'s and Tetra Laval Holdings and Finances, S.A.'s  motion to exclude that evidence are both GRANTED IN PART and DENIED IN PART. The parties may not discuss the reexamination proceeding during the jury portion of the trial, but plaintiff may present the patent office's initial office action to the court as evidence of objective reasonableness.

       3.  Plaintiff's motion to exclude evidence and argument related to the Relco trial, dkt. #139, is GRANTED.

       4.  Plaintiff's motion to exclude the testimony of Philip Green, dkt. #141, is DENIED.

       5.  Plaintiff may have until March 17, 2014, to re-file redacted versions of its expert reports, dkt. ##160 and 161, in accordance with the instructions in this order.

       Entered this 12th day of March, 2014.

                                    BY THE COURT:

                                    /s/
                                    BARBARA B. CRABB
                                    District Judge